KAREN NELSON MOORE, Circuit Judge,
concurring in the judgment.
I agree with the majority that we must affirm the district court’s denial of Anderson’s petition for a writ of habeas corpus under the strictures of the Antiter-rorism and Effective Death Penalty Act (“AEDPA”). I write separately, however, to explain my view of Anderson’s troubling ineffective-assistance-of-counsel claim.
The state-court transcripts reveal that Anderson’s counsel had a significant hearing impairment that impacted his ability to follow the pre-trial and trial proceedings. Without being able to follow the testimony and evidence admitted at trial, counsel could not make reasonably informed decisions of trial strategy. Rather, defense counsel’s representation was based on his mistaken beliefs about what was happening at trial and therefore deserves no deference. The state court believed that counsel’s inability to hear and follow the proceedings was alleviated with the help of the trial judge, prosecution, and witnesses — i.e., the other participants in our adversarial system. Representation under these circumstances “puts at risk both the defendant’s right to an ample opportunity to meet the case of the prosecution, and the reliability of the adversarial testing process.” Kimmelman v. Morrison, 477 U.S. 365, 385, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (citations omitted) (internal quotation marks omitted); accord Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
It is difficult for me to see how a defendant would not be prejudiced by a counsel’s inability to hear and follow the trial proceedings to the degree demonstrated by the state-court transcript. Nevertheless, the Supreme Court has significantly limited the circumstances in which the presumption of prejudice from United States v. Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), applies. See Bell v. Cone, 535 U.S. 685, 695-98, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002). Anderson, therefore, must demonstrate prejudice under Strickland. Furthermore, because we are reviewing Anderson’s ineffective-assistance claim under AEDPA, Anderson must show that the state court’s adjudication of his ineffective-assistance claim “was contrary to, or involved an unreasonable application of, clearly established [Supreme Court] law.” 28 U.S.C. § 2254(d). I cannot conclude that Anderson has met this exceedingly difficult burden.
I recognize, too, that Anderson is in an intolerable bind. He presented the very same arguments of ineffective assistance of counsel to the state court in his motion for a Ginther hearing, but the state court denied him the opportunity to develop an evidentiary record to support his claim. Then, when denying Anderson’s ineffective-assistance claim on the merits, the state court concluded that Anderson had not demonstrated prejudice and presumed that counsel’s actions were a matter of trial strategy in the absence of testimony from counsel explaining his reasoning. Anderson’s ability to develop an evidentia-ry record of the prejudice from counsel’s *488 hearing impairment is now prevented on account of defense counsel’s death in 2006.
With respect to Anderson’s claim of prosecutorial misconduct, I disagree with the majority that the prosecutor’s comments that Broome was Anderson’s pregnant girlfriend constitutes proper commentary on the evidence. As the state trial court stated in answering the jury’s question, “[t]here was no evidence as to who the father” of Broome’s baby is. R.8-12 at 73 (Trial Tr. at 323). The prosecutor’s statements were improper. However, under this Circuit’s test for “determining whether the impropriety was flagrant,” I cannot conclude that the improper remarks warrant reversal and granting the writ under AEDPA. See United States v. Carter, 236 F.3d 777, 783 (6th Cir.2001).